Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Matthew R. Snyder (350907)
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
msnyder@toddflaw.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERETTIA CHATMAN,<br><br>Plaintiff,<br><br>-vs-<br><br>WESTLAKE SERVICE, LLC; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC, AND DOES 1-10 inclusive,<br><br>Defendants. | CASE NO.: 2:25-cv-02418-TJH-JC<br><br>**FIRST AMENDED COMPLAINT**<br><br>**<u>Jury Trial Demanded</u>** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant WESTLAKE SERVICES, LLC for violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, et seq. (hereinafter

"RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; and for Defendants WESTLAKE SERVICES, LLC, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC's (hereinafter referred to collectively as "Defendants"), violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA"), and the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25 (a) (hereinafter "CCRA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information.

## II. PARTIES

2. Plaintiff ERETTIA CHATMAN (hereinafter "Plaintiff") is a natural person residing in Los Angeles County, in the state of California, and is a "consumer" as defined by 15 U.S.C. §1681a and *Cal. Civ. Code* §1785.3(a); and is a "debtor" as defined by Cal Civ Code §1788.2(h). Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a.

3. At all relevant times herein, Defendant WESTLAKE SERVICES, LLC. (hereinafter "WLS") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA and FDCPA, Cal Civ Code §1788.2(c). Further, Defendant regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA and CCRA. Defendant is also a "person" as defined by *Cal. Civ. Code* §1785.3(j).

4. At all relevant times herein, Defendant EQUIFAX INFORMATION SERVICES LLC (hereinafter "EF") was a consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and *Cal. Civ. Code* §1785.3(d).

5. At all relevant times herein, Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "XP") was a consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and *Cal. Civ. Code* §1785.3(d).

6. At all relevant times herein, Defendant TRANS UNION LLC (hereinafter "TU," and with XP and EF, "CRA Defendants") was a consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and *Cal. Civ. Code* §1785.3(d).

7. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

8. The above-named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## III. FACTUAL ALLEGATIONS

10. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant WLS reported derogatory information on Plaintiff's credit reports with

the CRA Defendants related to an alleged nonpayment of a debt. Defendant WLS misrepresented and continues to misrepresent Plaintiff on her credit reports.

11. Within two years prior to the filing of the Complaint, Plaintiff disputed the negative reporting to CRA Defendants and advised them of all of the above.

12. WLS's reporting on Plaintiff's credit report with the CRA Defendants has resulted in a negative effect on Plaintiff's credit score.

13. Despite her dispute, Defendant WLS has refused to remove the inaccurate negative remarks from her credit report and CRA Defendants failed to conduct a reasonable investigation and remove the derogatory remarks.

14. Defendant WLS is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

15. WLS's conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

b) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§ 1692e(4));

c) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§ 1692e(5));

d) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, (§1692e(10); and

e) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f))

16. Further, WLS has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

17. As a result of WLS's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased. Plaintiff was and/or will be denied future loans due to the derogatory items placed by WLS on Plaintiff's credit report.

18. CRA Defendants are aware that the information they disseminate will be used by various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so

19. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

20. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

21. Plaintiff has been damaged, and continues to be damaged, in the following ways:

a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown

22. At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

23. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

24. Defendant WLS violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

25. CRA Defendants violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681i:

a. Willfully and negligently failing to reinvestigate and properly respond to Plaintiff's dispute such that Defendant disseminated inaccurate and derogatory credit, account and other information concerning the Plaintiff despite knowing that said information was inaccurate.

26. Additionally, CRA Defendants did not maintain and follow reasonable procedures to assure maximum possible accuracy of the information it disseminated, thus violating 15 U.S.C. §1681e(b).

27. Similarly, CRA Defendants violated Cal. Civ. C. § 1785.16 by failing to reasonably reinvestigate and correct the inaccurate and false

information on Plaintiff's credit report after receiving a dispute from Plaintiff.

28. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

29. As a result of the above violations of the FCRA and CCCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT As to Defendant WLS Only

30. Plaintiff reincorporates by reference all of the preceding paragraphs.

31. To the extent that WLS's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against WLS for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF THE FAIR CREDIT REPORTING ACT

32. Plaintiff reincorporates by reference all of the preceding paragraphs.

33. To the extent that Defendants' actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

## COUNT III: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

36. Based on these violations of Civil Code § 1785.25 (a) by WF and Civil Code § 1785.16 by CRA Defendants, Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

(a) Actual damages;

(b) For statutory damages of $1,000.00 pursuant to 15 U.S. Code § 1681n;

(c) Punitive damages not to exceed $5,000.00 per violation pursuant to Cal Civ. Code § 1785.31;

(d) Costs and reasonable attorney's fees;

(e) For such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

37. Plaintiff, pursuant to her rights under Article 1, Section 16 of the Constitution of the State of California, demands a trial by jury on all issues so triable.

Respectfully submitted this 23rd day of April 2025.

By: /s/ Todd M. Friedman
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. On April 23, 2025, I electronically filed with the Court through its CM/ECF program and served a true copy through the same program the following documents: FIRST AMENDED COMPLAINT on the interested parties in said case:

[x] ELECTRONICALLY, Pursuant to the CM/ECF system, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an email notification of the filing to the parties and counsel of record listed above who are registered with the Court's CM/ECF system.

Place of Filing: 21031 Ventura Blvd., Suite 340, Woodland Hills, CA 91364.

Executed on April 11, 2025, at Woodland Hills, CA

[x] I hereby certify under the penalty of perjury that the foregoing is true and correct.

By: /s/ Todd M. Friedman
Todd M. Friedman